OUTTEN & GOLDEN LLP
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

STUEVE SIEGEL HANSON WOODY LLP
George A. Hanson (Pro Hac Vice Motion Forthcoming)
Amy E. Bauman (Pro Hac Vice Motion Forthcoming)
330 West 47th Street, Suite 250
Kansas City, MO 64112
Telephone: 816-714-7100

JUDGE KAPLAN

05 CV 6528

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUL 19 2005
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| JAMES STEFANIAK and KEITH PANACCIONE, individually, and on behalf of a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HSBC USA INC.<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs James Stefaniak ("Stefaniak") and Keith Panaccione ("Panaccione") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, by their attorneys Outten and Golden LLP, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.  Plaintiffs bring this action for unpaid wages on behalf of themselves, and other similarly situated current and former customer service representatives and other

1

telephone-dedicated employees ("CSRs"), employed in call center facilities, against HSBC Bank USA Inc. ("HSBC").

2. HSBC is one of the largest banking and financial services organizations in the world. HSBC advertises itself as "the world's local bank."

3. Plaintiffs were low-paid CSRs who worked in a high-stress call center-environment in or around Buffalo, New York, an economically depressed area. Plaintiffs and other workers took call center jobs, not as a first choice, but because in the Buffalo area, better jobs were very hard to come by. HSBC took advantage of these circumstances and refused to pay these workers for significant amounts of time that they worked for HSBC's benefit. This work includes, but is not limited to, time that they worked before the start of their regularly scheduled shifts, time that they worked during their unpaid lunch breaks, and time that they worked after their regularly scheduled shifts.

4. By the conduct described in this Complaint, HSBC has willfully violated the Fair Labor Standards Act and the New York Labor Law by failing to pay its employees, including Plaintiffs, overtime wages that they lawfully earned.

5. HSBC has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to record, credit, or compensate work performed by its employees for all the time that HSBC has required and permitted such employees to perform work.

6. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of HSBC who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-

hour provisions of the FLSA by Defendant, that have deprived Plaintiffs and others similarly situated of their lawful overtime wages.

7.  Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of HSBC, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

8.  Upon information and belief, HSBC has operated call center facilities in Buffalo, New York; Depew, New York; Chesapeake, Virginia; Wood Dale, Illinois; Las Vegas, Nevada; and other locations in the United States.

## THE PARTIES

### Plaintiffs

#### James Stefaniak

9.  Stefaniak is an adult individual who is a resident of Buffalo, New York.

10. Stefaniak was employed by HSBC as a telephone-dedicated hourly employee in HSBC's call center facility in Buffalo, New York from approximately November 2000 through approximately February 2003.

11. Stefaniak has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). Stefaniak's written consent is attached hereto.

12. Stefaniak is a covered employee within the meaning of the FLSA and the NYLL.

#### Keith Panaccione

13. Panaccione is an adult individual who is a resident of North Tonawanda, New York.

14. Panaccione was employed by HSBC as a telephone-dedicated hourly employee in HSBC's call center facility in Depew, New York from approximately May 2000 through approximately March 2001.

15. Panaccione is a covered employee within the meaning of the NYLL.

**Defendant**

16. Upon information and belief, HSBC maintains control, oversight, and direction over the operation of its facilities, including their employment practices.

17. HSBC is a covered employer within the meaning of the FLSA and the NYLL.

18. Upon information and belief, HSBC is a domestic corporation doing business within New York State, New York County.

19. HSBC maintains corporate headquarters within the City and County of New York.

20. The address of HSBC's corporate headquarters is 452 Fifth Avenue, Tower 7, New York, NY 10018.

21. HSBC's principal executive office is located in New York County.

22. The address of HSBC's principal executive office is 452 Fifth Avenue, Tower 7, New York, NY 10018.

23. Upon information and belief, HSBC has operated at least one call center facility in Buffalo, New York.

24. Upon information and belief, HSBC has operated at least one call center facility in Depew, New York.

25. Upon information and belief, HSBC has operated at least one call center facility in Chesapeake, Virginia.

26. Upon information and belief, HSBC has operated at least one call center facility in Wood Dale, Illinois.

27. Upon information and belief, HSBC has operated at least one call center facility in Las Vegas, Nevada.

28. Upon information and belief, HSBC has operated call centers in other locations in the United States.

## JURISDICTION AND VENUE

29. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

30. In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

31. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32. Upon information and belief, the amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

33. Upon information and belief, at least one member of the proposed class is a citizen of a state different than Defendant.

34. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

35. Defendant resides in the Southern District of New York.

## CLASS ACTION ALLEGATIONS

36. Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of "all persons who worked for HSBC as telephone-dedicated employees in New York call center facilities from six years prior to the filing of this Complaint through the date of judgment in this action" (the "Rule 23 Class").

37. Excluded from the Rule 23 Class are HSBC's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in HSBC; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

38. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of the HSBC.

39. Upon information and belief, the size of the Rule 23 Class is at least 500 people.

40. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

41. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

42. There are questions of law and fact common to the Rule 23 Class that

predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

  a. whether HSBC has failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

  b. what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

  c. whether HSBC has failed and/or refused to pay Plaintiffs and the Rule 23 Class overtime pay for hours worked in excess of 40 hours per work week within the meaning of the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

  d. the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

  e. whether HSBC has a policy of failing to pay workers for time that they work;

  f. whether HSBC's policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

  g. whether HSBC failed to compensate Plaintiffs and the Rule 23 Class for all work HSBC required and/or suffered or permitted them to perform; and

  h. whether HSBC calculated and compensated Plaintiffs and the Rule 23 Class correctly for hours worked in excess of 40 per workweek.

  43. The claims of the Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for HSBC in its call centers and have not been paid for all hours worked and have not been paid overtime

7

wages for the hours that they have worked in excess of 40 hours per week. Defendant has acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

44.     Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Rule 23 Class to represent their interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of all members of the Rule 23 Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions they make regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Rule 23 Class members. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Rule 23 Class as a whole. Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

45.     Plaintiffs have retained counsel competent and experienced in complex class actions and in labor and employment litigation.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The

members of the Rule 23 Class have been damaged and are entitled to recovery as a result of HSBC's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about HSBC's practices.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who were regularly scheduled to work 40 or more hours per workweek as telephone-dedicated employees in HSBC New York call center facilities who elect to opt-in to this action (the "FLSA Collective").

48.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs. Upon information and belief, there are many similarly situated current and former employees of HSBC who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to HSBC, are readily identifiable, and can be located through HSBC's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS

49.     Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") were victims of a common policy and plan perpetrated by

HSBC that violated their rights under the FLSA and the NYLL.

50. Upon information and belief, it has been HSBC's willful policy and pattern or practice to suffer and permit work by its employees, including Plaintiffs and the Class Members, without paying them for such work ("unpaid work").

51. The unpaid work includes, but is not limited to, work that Plaintiffs and the Class Members have been suffered or permitted to perform before their scheduled shifts, during their unpaid lunch periods, and after their scheduled shifts.

52. The unpaid work has been part of Plaintiffs' and the Class Members' principal job activity and/or has been necessary, integral, and indispensable to their principal job activity.

53. The proper performance of Plaintiffs' and the Class Members' jobs required the unpaid work.

54. Plaintiffs and the Class Members performed the unpaid work for the benefit of HSBC. HSBC has suffered and/or permitted the unpaid work.

55. The unpaid work has been assigned by HSBC, HSBC has been aware of the unpaid work, and/or HSBC should have been aware of the unpaid work.

56. As part of its regular business practice, HSBC has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the NYLL with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes, but is not limited to:

    a. willfully depriving its employees, including Plaintiffs and the Class Members, of wages to which they are entitled under the law;

      b.     willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of HSBC;

      c.     willfully failing to keep payroll records with respect to Plaintiffs and the Class Members as required by the FLSA and the NYLL;

      d.     willfully failing to pay its employees, including Plaintiffs and the Class Members, for all of the time that they have been suffered or permitted to work for HSBC's benefit; and

      e.     requiring, suffering, and/or permitting its employees, including Plaintiffs and the Class Members, to work many hours beyond 40 in a workweek without paying them proper overtime wages.

57. Upon information and belief, HSBC's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by knowingly violating the FLSA and the NYLL.

58. HSBC's unlawful conduct has been widespread, repeated, and consistent.

59. HSBC's unlawful conduct, as set forth in this Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Class Members.

60. HSBC was aware or should have been aware that federal law requires it to pay non-exempt hourly employees, including Plaintiffs and the Class Members, for all hours that it suffered or permitted its employees to work and to pay an overtime premium of time and one half for all hours worked in excess of 40 per workweek.

11

## PLAINTIFFS' FACTUAL ALLEGATIONS

### James Stefaniak

61.     Stefaniak was regularly suffered or permitted to work before and after his scheduled shift without compensation.

62.     Stefaniak was regularly suffered or permitted to work more than 40 hours during many workweeks.

63.     Consistent with its policy and pattern or practice, HSBC did not pay Stefaniak for all of the time that he was suffered or permitted to work, including but not limited to time in excess of 40 hours per workweek.

64.     Consistent with its policy and pattern or practice, HSBC did not pay Stefaniak proper overtime compensation for all of the time that he was suffered or permitted to work in excess of 40 hours per workweek.

65.     Consistent with its policy and pattern or practice, HSBC did not keep accurate payroll records with respect to Stefaniak.

### Keith Panaccione

66.     Panaccione was regularly suffered or permitted to work before and after his scheduled shift and during his unpaid lunch period without compensation.

67.     Panaccione was regularly suffered or permitted to work more than 40 hours during many workweeks.

68.     Consistent with its policy and pattern or practice, HSBC did not pay Panaccione for all of the time that he was suffered or permitted to work, including but not limited to time in excess of 40 hours per workweek.

12

69. Consistent with its policy and pattern or practice, HSBC did not pay Panaccione proper overtime compensation for all of the time that he was suffered or permitted to work in excess of 40 hours per workweek.

70. Consistent with its policy and pattern or practice, HSBC did not keep accurate payroll records with respect to Panaccione.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act
### (Brought on behalf of Plaintiffs and the FLSA Collective)

71. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72. HSBC has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

73. At all times relevant, Plaintiffs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74. The overtime wage provisions set forth in the FLSA apply to HSBC.

75. HSBC is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

76. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

77. HSBC has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

78. HSBC's violations of the FLSA, as described in this Complaint, have been willful and intentional.

79. HSBC has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and the FLSA Collective.

80. Because HSBC's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

81. As a result of HSBC's violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA

82. As a result of the unlawful acts of HSBC, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### New York Labor Law
**(Brought on behalf of Plaintiffs and the Rule 23 Class Members)**

83. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

84. At all times relevant, Plaintiffs have been employees and HSBC has been an employer within the meaning of the NYLL.

85. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to HSBC.

86. HSBC has failed to pay Plaintiffs and the members of the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

87. By HSBC's knowing or intentional failure to pay Plaintiffs and the members

of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

88. Due to HSBC's violations of the NYLL, Plaintiffs and the Rule 23 Class Members are entitled to recover from HSBC their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

89. The Rule 23 Class Members are also entitled to receive notice and, after the determination of class-wide liability and of individual back pay and interest, an opportunity to intervene in this action or to file their own suits and petition individually for liquidated damages, and other relief pursuant to NYLL Article 19, §§ 650 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by HSBC as telephone-dedicated employees in call center facilities. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B. Unpaid wages and an additional and equal amount as liquidated

damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

   C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   E. Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

   F. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

   G. Unpaid overtime pay pursuant to NYLL 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

   H. Pre-judgment interest;

   I. An injunction requiring Defendant to pay all statutorily-required wages pursuant to the NYLL;

   J. After the determination of class-wide liability, of individual damages, and of Defendant's liability for back pay, notice to class members of the opportunity to intervene in this action or to file separate actions to recover liquidated damages under Article 19, § 681(1) of the NYLL.

   K. Attorneys' fees and costs of the action; and

   L. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by the Complaint.

Dated:     July 19, 2005

                Respectfully submitted,

                **OUTTEN & GOLDEN LLP**

By: 

Justin M. Swartz (JS 7989)

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Tammy Marzigliano (TM 2934)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: 212-245-1000

**STUEVE SIEGEL HANSON WOODY LLP**
George A. Hanson (Pro Hac Vice Motion Forthcoming)
Amy E. Bauman (Pro Hac Vice Motion Forthcoming)
330 West 47th Street, Suite 250
Kansas City, MO 64112
Telephone: 816-714-7100
**Attorneys for Plaintiffs and the Putative Class**

I consent to be a party plaintiff in the foregoing lawsuit against HSBC in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

I hereby designate Outten & Golden LLP and Stueve Siegel Hanson Woody LLP to represent me in the lawsuit.

_____
Signature

JAmes Stefawink
Print name

37 Greene Street
Address

Buffalo NY 14206
City, State, and Zip Code

2/16/05
Date